ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MACK LIFT GENERAL CONTRACTORS, INC.<br><br>Recurridos<br><br>v.<br><br>LE PARIS ESTETHIC, INC., RAYMOND RODRÍGUEZ SANTOS, MAGALY URIBE CAMPOS Y OTROS<br><br>Peticionarios | **KLCE202400645** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV08797<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 23 de julio de 2024.

Comparecen ante este foro, Le Paris Estethic, Inc., Raymond Rodríguez Santos y Magaly Uribe Campos (en conjunto, parte peticionaria) y nos solicitan que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 8 de mayo de 2024. Mediante el referido dictamen, el foro primario declaró no ha lugar a una solicitud de anotación de rebeldía instada por la parte peticionaria.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** la expedición del auto de *certiorari*.

## I.

El 18 de septiembre de 2023, Mack Lift General Contractors, Inc., presentó una *Demanda* sobre cobro de dinero e incumplimiento de contrato en contra de la parte peticionaria.[1] Como remedio, solicitó que se ordenara a

---

[1] *Demanda*, anejo IV, págs. 8-13 del apéndice del recurso.

la parte peticionaria a satisfacer las suma de $114,300.00, más los intereses por concepto de mora desde el vencimiento de factura, intereses legales, gastos y una suma igual a un 33% de la cantidad adeudada por honorarios de abogados.

El 11 de octubre de 2023, la parte peticionaria presentó *Contestación a la Demanda, Reconvención y Demanda Contra Tercero*.[2] Mediante la cual, incluyó como demandado al Sr. José Ortiz Rivera (señor Ortiz Rivera o "el recurrido") y arguyó que, entre ellos, Mack Lift, y el señor Ortiz Rivera no hubo un contrato escrito. Sostuvieron que, las obras de construcción no fueron terminadas, por lo que, tuvieron que recurrir a contratar los servicios de otros. Por ello, solicitaron la desestimación de la demanda, que fuera concedida la reconvención y demanda contra terceros, al ser estos deudores solidarios, condenándolos así al pago de los gastos, costas y honorarios de abogado incurridos.

Posteriormente, el 16 de abril de 2024, la parte peticionaria presentó una *Moción en Solicitud de Anotación de Rebeldía*.[3] En dicha moción, indicaron que el mismo día que presentaron su contestación a la demanda, reconvención y demanda contra tercero, presentaron el proyecto de emplazamiento del tercero demandado. Esbozaron que el 23 de octubre de 2023, el foro primario expidió el emplazamiento. Sin embargo, sostuvieron que las gestiones para emplazar al tercero demandado resultaron infructuosas, por lo que, solicitaron al foro *a quo* el emplazamiento por edicto,

---

[2] *Contestación a la Demanda, Reconvención y Demanda Contra Tercero*, anejo V, págs. 14-20 del apéndice del recurso.
[3] *Moción en Solicitud de Anotación de Rebeldía*, anejo VI, págs. 21-33 del apéndice del recurso.

siendo autorizado el 22 de febrero de 2024. Añadieron que, el 29 de febrero de 2024, fue publicado el edicto, y el 7 de marzo de 2024, le enviaron por correo copia del edicto y demanda contra tercero. No obstante, plantearon que, al no contestar dentro del término provisto, procedía la anotación de rebeldía y fuera dictada la sentencia.

El 19 de abril de 2024, el señor Ortiz Rivera compareció -sin someterse a la jurisdicción-, mediante *Moción de Sentencia Sumaria Parcial en cuanto a Terceros Demandados en Carácter Personal*.[4] Solicitó la desestimación sumaria de la demanda contra tercero, puesto que, la alegada transacción jurídica fue entre la parte peticionaria y Mack Lift, y no existe una causa de acción en su contra. Además, planteó que bajo la Ley de Corporaciones no responde en su carácter personal por las alegaciones de cobro e incumplimiento de contrato, en contra de Mack Lift.

El 8 de mayo de 2024, el foro primario notificó una *Orden*, mediante la cual declaró no ha lugar a la solicitud de anotación de rebeldía que presentó la parte peticionaria.[5]

Inconforme, el 9 de mayo de 2024, la parte peticionaria presentó *Moción de Reconsideración y Solicitud de Paralización*.[6] En síntesis, arguyeron que fueron diligentes en la tramitación del emplazamiento, y el señor Ortiz Rivera no compareció a tiempo, ni solicitó prórroga. A su vez, que el abogado del

---

[4] *Moción de Sentencia Sumaria Parcial en cuanto a Terceros Demandados en Carácter Personal*, anejo VII, págs. 34-45 del apéndice del recurso.
[5] *Orden*, anejo I, pág. 1 del apéndice del recurso.
[6] *Moción de Reconsideración y Solicitud de Paralización*, anejo II, págs. 2-5 del apéndice del recurso.

recurrido, es el mismo que el de Mack Lift, por lo que, conocía del litigio. En consecuencia, alegaron que lo que debió proceder era la anotación de rebeldía y sentencia de conformidad.

Evaluada la moción, el 10 de mayo de 2024, el foro primario notificó una *Resolución*, denegando la solicitud de reconsideración.[7] No obstante, le impuso una sanción económica de $50.00 al Tercero Demandado por la comparecencia tardía.

Aún inconforme, el 10 de junio de 2024, la parte peticionaria presentó el *certiorari* de epígrafe, mediante el cual sostuvo los siguientes señalamientos de errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL PROVEER NO HA LUGAR A LA SOLICITUD DE ANOTACIÓN DE REBELDÍA AL TERCERO DEMANDADO, CUANDO ESTE NO COMPARECIÓ DENTRO DEL TÉRMINO DISPUESTO EN LAS REGLAS DE PROCEDIMIENTO CIVIL Y NO EXPRESÓ JUSTA CAUSA PARA SU INCOMPARECENCIA. DE ESA FORMA, INCUMPLIENDO CON LA JURISPRUDENCIA DEL MÁXIMO FORO, REAFIRMADA RECIENTEMENTE EN *DAMASO SOTO V. UNO RADIO GROUP, ET AL.*, 189 DPR 84 (2013).

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, ABUSO DE SU DISCRECIÓN Y COMETIÓ UN CRASO ERROR EN LA APLICACIÓN DEL DERECHO PROCESAL Y SUSTANTIVO AL NO ANOTARLE LA REBELDÍA AL TERCERO DEMANDADO, CUANDO ESTE NO COMPARECIÓ DENTRO DEL TÉRMINO DISPUESTO EN LAS REGLAS DE PROCEDIMIENTO CIVIL Y NO ACREDITÓ JUSTA CAUSA PARA SU INCOMPARECENCIA.

Por su parte, el 18 de junio de 2024, el señor Rivera Ortiz presentó su *Oposición a Expedición de Auto de Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del asunto ante nuestra consideración.

---

[7] *Resolución*, anejo III, págs. 6-7 del apéndice del recurso.

**II.**

**-A-**

El recurso de *certiorari* permite a un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Véase, además: *McNeil Healthcare v. Mun. Las Piedras I,* supra; *Scotiabank v. ZAF Corp et al.,* 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." *800 Ponce de León v. AIG*, supra. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,

(2) en asuntos relacionados a privilegios evidenciarios,

(3) en casos de anotaciones de rebeldía,

(4) en casos de relaciones de familia,

(5) en casos revestidos de interés público,

(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *McNeil Healthcare v. Mun. Las Piedras I*, supra.

El examen del *certiorari* no se da en el vacío o en ausencia de otros parámetros. *McNeil Healthcare v. Mun. Las Piedras I,* supra, pág. 404; *800 Ponce de León v. AIG,* supra. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari.* Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019).

Un *certiorari* sólo habrá de expedirse si, al menos, uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. De no ser así, procede que nos abstengamos de expedir el auto solicitado, de manera que se continúen los procedimientos del caso sin mayor dilación en el foro de primera instancia.

-B-

La discreción es la facultad de los tribunales de justicia para resolver de una forma u otra y de escoger entre varios cursos de acción. *W.M.M., P.F.M. et als. v. Colegio et als.,* 211 DPR 871 (2023); *Citibank et al v. ACBI et al,* 200 DPR 724, 735 (2018). Al foro primario se le reconoce una amplia discreción, por ello, sus decisiones merecen gran deferencia, debido a que es el foro que conoce las particularidades del caso, tiene contacto con los litigantes y examina la prueba. La única limitación es que la medida sea adecuada y razonable. El ejercicio adecuado de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad. *Pueblo v. Gastón Torres,* 139 DPR 314 (1995).

Así pues, la discreción es una forma de razonabilidad aplicada al discernimiento judicial con el propósito de llegar a una conclusión justiciera. *Ramírez Ferrer v. Policía de PR,* 158 DPR 320 (2002);

*Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651 (1997). Se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. Los tribunales apelativos no debemos intervenir con las determinaciones discrecionales del foro primario con el objetivo de sustituir su criterio por el nuestro. No obstante, esa deferencia cede, cuando el Tribunal de Primera Instancia (1) actúa con perjuicio o parcialidad, (2) en craso abuso de discreción o (3) error manifiesto. *Citibank et al v. ACBI et al*, supra.

Ahora bien, no resulta fácil precisar cuándo un Tribunal abusa de su discreción. Como sabemos, existen ciertas guías para poder determinar cuándo un tribunal ha abusado de su discreción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009). Así pues, un tribunal incurrirá en un abuso de discreción, cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante, considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *W.M.M., P.F.M. et als. v. Colegio et als.,* supra.

### III.

Conforme a la Regla 52.1 de Procedimiento Civil, *supra*, este Tribunal tiene jurisdicción para atender el presente recurso por recurrirse de un dictamen interlocutorio del Tribunal de Primera Instancia. Sin embargo, luego de revisar el expediente ante nuestra

consideración y a la luz de los criterios establecidos en la Regla 40 del Reglamento de este Foro, *supra*, concluimos que este caso no amerita nuestra intervención.

En el caso de autos, la parte peticionaria alega que, el foro de instancia abusó de su discreción al denegar su solicitud de anotación de rebeldía contra el tercero demandado. Sostienen que, el recurrido no acreditó justa causa para su incomparecencia tardía, por lo que, el foro *a quo* estaba obligado a imponer la anotación de la rebeldía, y al no realizarlo, cometió un craso error en la aplicación del derecho.

No obstante, a base de un análisis cuidadoso de los argumentos formulados por la parte peticionaria en el recurso de epígrafe, así como de la totalidad del expediente, no estamos en posición de concluir que dicha actuación fuese irrazonable, a la luz de la totalidad de las circunstancias. Consecuentemente, tampoco podemos afirmar que dicha actuación fuese el resultado de abuso de discreción por parte del foro primario. Así las cosas, procede denegar el auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones